**MEMO ENDORSED**

**Federal Defenders OF NEW YORK, INC.**

Tamara Giwa
*Executive Director*

Southern District
81 Main Street, Suite 300
White Plains, NY 10007
Tel: (914) 428-7124 Fax: (914) 948-5109

Jennifer L. Brown
*Attorney-in-Charge*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2025

January 21, 2025

The Honorable Nelson S. Román
District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

**The Gov't is directed to respond to Deft's travel request as well as the forfeiture status in writing on or before Jan. 27, 2025.**
**Dated: White Plains, NY**
        **January 22, 2025**

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Re:   *United States v. Lin Feng*
      23-CR-286 (NSR)-02

Dear Honorable Román:

I am writing in relation to Mr. Lin Feng, who was sentenced to time served (sixteen months) and three-years of supervised release on September 26, 2024. As Your Honor may recall, Mr. Feng is a Chinese citizen, but he has permanent residency status here in the United States. *See* PSR ¶ 75. After his release from prison in this case, Mr. Feng returned to California, where he lived prior to his arrest. As such, Mr. Feng is being supervised in California.

Sadly, Mr. Feng recently learned that his father was diagnosed with stage III prostate cancer which has spread to his father lymph nodes.[1] Because of this, Mr. Feng wants to travel to China to spend time with his father.[2] If approved, Mr. Feng would travel to Shanghai, China – ideally for three months. I have asked Mr. Feng's probation officer in California whether Probation would approve this trip, and Probation explained that their office policy is to reject such requests when individuals have outstanding forfeiture orders that have not been significantly repaid.[3] Mr.

---

[1] Mr. Feng sent me medical records that are written in Chinese, which I am in the process of getting translated.

[2] Mr. Feng has not seen his father since 2019.

[3] As detailed in the Forfeiture order, at the time of Mr. Feng's sentencing the Court, with Mr. Feng's consent, entered an order authorizing a monetary judgment in the amount of $50,000 (which is also jointly and severally liable with Mr. Feng's co-defendant) to be entered against Mr. Feng. This, I believe, represents the amount Mr. Feng and his co-defendant had agreed to bribe the undercover agent in this case. Because some money was already paid to the undercover agent, I suspect that

Feng's probation officer did stress, however, that Mr. Feng has otherwise been compliant with the terms of his supervised release.

Under these circumstances I ask that the Court please allow Mr. Feng to travel to Shanghai, China. While Mr. Feng would like to spend three-months with his father, he would certainly abide by the Court's decision if Your Honor would prefer that he spend less time abroad. I have reached out to the Government to ask their position on this request, and to ask for more details about the forfeiture order, but the Government has not yet responded to my request.

        Respectfully submitted,

        /s/

        Benjamin Gold
        Assistant Federal Defender

cc:    AUSA Michael Lockard
        AUSA Kathryn Wheelock
        Probation Officer Brian Wilson (Brian_Wilson@cacp.uscourts.gov)

---

the actual amount that the Government will seek, if any, will be lower than the $50,000 listed in the order.