| | |
|---|---|
| **Federal Defenders**<br>OF NEW YORK, INC. | Southern District<br>81 Main Street, Suite 124<br>White Plains, NY 10601<br>Tel: (914) 428-7124 Fax: (914) 948-5109 |
| Tamara L. Giwa<br>*Executive Director* | Jennifer L. Brown<br>*Attorney-in-Charge* |

MEMO ENDORSED

see p.3

Via E-mail and ECF

February 11, 2025

The Honorable Nelson S. Román
District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York  10601-4150

      Re:   *United States v. Lin Feng*
            23-CR-286 (NSR) -02

Dear Honorable Román:

      I am writing to provide the Court with new information about the health of Mr. Feng's father and to renew my previous request (*see* ECF # 56) that Your Honor please allow Mr. Feng to travel to Shanghai, China to visit his father, who is clearly dying. Attached to this letter is medical documentation that shows that Mr. Feng's father is diagnosed with "a malignant prostate tumor with multiple metastases throughout the body". As detailed in the records, Mr. Feng's father has "nodules in both lungs," "[a] high chance of multiple metastases in the cervical and thoracic vertebrae and their appendages," "cervical degeneration," and "Multiple metastases in the thoracic, lumbar vertebrae and their appendages, and a high chance of multiple myeloma bone metastases in thoracic bone," and a "mass in the right live lobe." The records indicate that Mr. Feng's father is "clinically stage IV" and that he carries "the possibility of pathological spinal fracture, paraplegia, even death occurs at any time."

      The above referenced medical report was sent to me yesterday by Mr. Feng. It was translated by Shi Feng, a Mandarin interpreter who is certified to interpret and who interpreted for Your Honor in Mr. Feng's case on July 10, 2024. A copy of this medical document, and the translation, is attached as Exhibit A. Additionally, I have attached medical documentation that Mr. Feng sent me in January. That documentation, which is attached (and which was also translated by Shi Feng), states that Mr. Feng's father has been in pain for a year and that he has "Malignant changes of the prostate with metastasis to the Lymph nodes. . . multiple bone metastases throughout the body," possible metastasis in the lungs and local atelectasis in a portion of his lungs, multiple cysts in the liver, inflammation in the lower



gastrointestinal tract and nodules in the thyroid. *See* Exhibit B (Shanghai Jiaotong University Report).[1]

While I respect the Court's previous ruling denying Mr. Feng's request to travel to visit his father, *see* ECF # 59, in light of the progression of disease,[2] and the sad reality that Mr. Feng's father is dying quickly, I ask that Your Honor please reconsider and allow Mr. Feng to travel to visit his dying father.[3] Mr. Feng understands that, if approved, he would need to travel back to the United States in order to complete his term of supervised release, and he would gladly purchase a round-trip ticket and return after his visit.[4]

This request is consistent with applicable law. "Supervised release . . . is not a punishment in lieu of incarceration," *United States v. Granderson*, 511 U.S. 39, 50 (1994) and courts "ordinarily should not impose a term of supervised release" when "the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). Here, as noted by Probation in the PSR, Mr. Feng has been convicted of a felony and, in light of his immigration status, he is likely to be placed in removal proceedings in the near future. PSR ¶ 75. Moreover, it would amount to cruel and unusual punishment to prevent Mr. Feng from visiting his dying father. U.S. Const. Amend VIII.[5]

---

[1] Because these medical records contain privileged health information, I am requesting permission to redact the exhibits and to file them under seal.

[2] In my January 21st letter to Your Honor, Mr. Feng's father was suffering from Stage III cancer. Today, the cancer is categorized as Stage IV. *See* Exhibit A.

[3] Specifically, I ask that Mr. Feng be permitted to travel to China for three months. Of course, if the Court would prefer a shorter trip Mr. Feng will abide by the Court's ruling.

[4] Alternatively, I ask that the Court please terminate Mr. Feng's supervised release early. While 18 USC § 3583(e)(1) states that early termination can only be ordered "after the expiration of one year of supervised release," the Constitution prohibits cruel and unusual punishment and to prevent Mr. Feng from visiting his dying father would amount to an unreasonably, unconstitutionally cruel punishment for Mr. Feng, who has not seen his father since roughly 2018 or 2019. PSR ¶ 75.

[5] The Outstanding restitution order cannot be used to deny this request. As detailed in my January 21, 2025 letter, the $50,000 restitution order – which Mr. Chen, Mr. Feng's co-defendant is also liable for – appears to represent the amount Mr. Feng agreed to bribe an undercover agent, not money that Mr. Feng acquired from his criminal activity. My understanding is that this bribe was only partially paid and, based on my conversations with Probation, the Government has not yet indicated how much money (if any) they are actually seeking from Mr. Feng.

Thank you for your consideration.

                                           Respectfully submitted,

                                           /s/

                                           Benjamin Gold
                                           Assistant Federal Defender

cc:    AUSA Michael Lockard
        AUSA Kathryn Wheelock
        Probation Officer Brian Wilson

**Defendant Lin Feng's (02) renewed application to travel overseas to Shanghai, China is GRANTED without objection by the Government (ECF No. 61). Defendant Feng is permitted to travel for a period not to exceed three (3) weeks. As a condition of granting the application, the Defendant must present to the Probation Officer proof of purchase of an overseas flight to China and a non-refundable purchase of a return flight. In advance of the trip, Defendant must also provide the Probation Officer with all trip details. Clerk of Court is requested to terminate the motion at ECF No. 60.**
**Dated: White Plains, NY**
          **February 14, 2025**

SO ORDERED:

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE